## WILLIAM FRANEY v. WILLIAM S. MILLER.

The testimony of the recorder's clerk that a town-plan, offered in evidence as proof of title, had been a deposit in the office more than six years, with no other proof of its authenticity, such as being recorded, or marked filed, the time of its receipt being duly noted, is not sufficient evidence of its authenticity.

ERROR to the District Court of Allegheny.

Ejectment by Miller against Franey, for a lot in the town of Port Perry. Upon the trial, the plaintiff offered in evidence a plan of the town of Port Perry, found in the recorder's office, which was objected to as not proved. He then called the recorder's clerk,

who testified that he had been in the office six years, and that this plan was in the office when he came there. With this he offered a deed from John Perry to one Poor, dated in 1797, for the lot No. 105, being the lot in question, and renewed the offer of the plan. The offer ·was again objected to and rejected, under exception. The verdict was for the plaintiff. The error assigned was the rejection of the plan.

Mr. *Attorney-General*, for the plaintiff in error.—1. As the recorder's office was the proper place to deposit such a paper, the legal presumption is that it was rightly there, and that it is true.

2. The deed under which we claimed, calling for this lot, was evidence that there was a plan of the town; and it being proved that such a plan existed, and it being found in the office where the county records are kept, it is to be presumed to be the plan until the contrary is shown.

3. Under the evidence, the plan was sufficiently proved to be submitted to the jury, for the purpose of fixing the location and boundaries of lot No. 105: Commonwealth *v.* Alberger, 1 Whart. 469; 1 Greenleaf, Ev. § 142.

*Williams* and *Kuhn*, contrà.—1. The plan of Port Perry offered in evidence was not shown to be a-true and authentic plan, by proof that the same was regularly acknowledged by John Perry, by whom said town was alleged to have been laid out, or that it was signed by him, or that any of the writing thereon was in his proper handwriting. The mere proof that it had been in the recorder's office for six years previous, was not sufficient proof of its authenticity.

2. The deed offered in evidence does not prove the plan offered in evidence to be authentic, because it does not appear that any such lot as No. 105 was marked on said plan; or that the description of the said lot contained in said deed would agree with the same as marked on the said plan, if any lot numbered 105 were thereon marked.

3. The case of Commonwealth *v.* Alberger, 1 Whart. 469, is not in point, as the plan offered in this case was not proved to be an old plan, or certified by any officer having authority to certify the same.

The opinion of this court was delivered by

ROGERS, J.—The usual, and perhaps best proof of a plan of a town, is the production of the original, verified by the acknowledgment of the person laying it out, signed by him, or some recogni-

tion in writing under his proper hand.  The evidence of the authenticity of this plan falls far short of this.  It is nothing more than the unsupported testimony of the clerk, that it has been in the recorder's office more than six years.  When it is taken into view, that the town of Port Perry has been laid out more than fifty years, this must be deemed flimsy proof—certainly much less than the court had a reasonable right to require, and of which the nature of the case was susceptible.  If we relax the rule of evidence to this extent, it will afford a great temptation to fraud, as nothing would be easier than to introduce surreptitiously among the papers of the office, a fabricated plan, to suit the exigencies of a particular case.  Had there been anything on file indicating that it had been recognised as an official paper, by the proper officer, it would be entitled to some consideration; for, although there is no law requiring it, yet it is usual, for the information and benefit of the holders of lots, to file such plans in the recorder's office.  But something more is required than merely depositing it with the officer. In Allegheny, and I presume in other counties, plans of towns are recognised as official papers by recording, or marking them filed, noting the time of filing by the proper officer.  Here there is no other proof of authenticity, except the evidence of the clerk, that it was a deposit in the office more than six years.  If offered as a diagram, it would be evidence; but it is clear it was designed as proof of title, fixing the limits and boundaries of the lot in dispute.

Judgment affirmed.